IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE MCEADY, ROBERT BABNEW, AND STEVEN L. FRITZ, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 16-1108 (JBS/KMW) |
| v. | |
| CAMDEN COUNTY POLICE DEPARTMENT, | **OPINION** |
| Defendant. | |

APPEARANCES:

James A. Bell, IV, Esq.
BELL & BELL, LLP
1617 JFK Blvd., Suite 1020
Philadelphia, PA 19103
       Attorney for Plaintiffs

Christine P. O'Hearn, Esq.
Benjamin S. Teris, Esq.
BROWN & CONNERY, LLP
360 Haddon Ave., PO BOX 539
Westmont, NJ 08108
       Attorneys for Defendant

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Plaintiffs Tyrone McEady, Robert Babnew, and Steven L. Fritz (hereinafter, "Mr. McEady, Mr. Babnew, and Mr. Fritz"), applicants for employment with Defendant Camden County Police Department (hereinafter "CCPD"), filed the present lawsuit alleging claims of age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") and race

discrimination under Title VII of the Civil Rights Act of 1963 ("Title VII").  Present before the Court is CCPD's motion to dismiss Plaintiffs' Complaint under Rule 12(b)(6), Fed. R. Civ. P. on timeliness grounds due to Plaintiffs' failure to abide by the limitations periods set forth by the ADEA and Title VII. The motion addresses issues of timeliness for filing an Equal Employment Opportunity Commission ("EEOC") administrative complaint alleging violation of the ADEA (Mr. Babnew) and of the availability of equitable tolling of the deadline for commencing a federal court action for employment discrimination based on age or race when the EEOC has withdrawn its original right-to-sue letter and launched a re-investigation of the administrative charges (Mr. McEady and Mr. Fritz).  These issues in turn require a determination whether Plaintiffs' Complaint meets the pleading requirements for stating the grounds for equitable tolling of these ADEA and Title VII limitations periods.  For the following reasons, the Court grants the motion in part and denies it in part.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

---

[1] For purposes of the pending motion, the Court accepts as true the version of events set forth in Plaintiffs' Complaint, documents explicitly relied upon in the Complaint, and matters of public record.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

Mr. McEady, a 52-year-old African American male, Mr. Babnew, a 45-year-old Caucasian male, and Mr. Fritz, a 48-year-old Caucasian male were "long-time employees" of the Camden City Police Department. (Compl. at ¶¶ 6-8, 15).  On January 7, 2013, as part of a broader layoff plan involving the dissolution of the Camden City Police Department and the creation of the Camden County Police Department, all three Plaintiffs were informed that "they would be laid off from their positions with the Camden City Police Department on April 30, 2013." (Id. at ¶ 21; Ex. A. to Def. Br.)  The Plaintiffs were given an application deadline of "on, or before April 1, 2013 to apply for new employment" with Defendant, and each plaintiff applied for a position with the CCPD before April 1, 2013. (Id. at ¶¶ 22-23.) The Plaintiffs were "all highly qualified" for the positions for which the CCPD was seeking applicants. (Id. at ¶ 24.)

However, Defendant did not hire "any of the Plaintiffs for the police officer positions that were open." (Id. at ¶ 25.) Plaintiffs learned of this decision in a November 25, 2013 letter from Frank E. Cirii, Camden County Director of Human Resources, stating the Defendant had received "an overwhelming response from qualified individuals interested in being a part of this exciting endeavor." (Id. at ¶ 26.)  Out of the 153 applicants hired to be police officers during the time that Plaintiffs' applications were pending, "all were younger and

less qualified than the Plaintiffs." (<u>Id.</u> at ¶¶ 27-28.)  More specifically, 150 of the 153 applicants hired instead of Plaintiffs "still needed to attend the police academy and did not have any certified police experience." (<u>Id.</u> at ¶ 30.)

Mr. McEady filed a charge of discrimination with the EEOC through an intake questionnaire on April 1, 2014. (Ex. B to Def. Br.)  On September 23, 2014, the EEOC issued a "Dismissal and Notice of Rights" where it indicated that it was closing Mr. McEady's charge because it was "unable to conclude that the information obtained establishes a violation of the [ADEA]." (Ex. C to Def. Br.)  Then, on January 29, 2015, the EEOC issued a "notice of intent to reconsider and rescinding of dismissal" of Mr. McEady's charge. (Ex. D to Def. Br.)  In the notice, EEOC District Director Spencer H. Lewis, Jr. wrote to Mr. McEady: "I hereby rescind the finding of 'no cause' determination issued by this office on September 23, 2014" because "upon further review, including information submitted to this office by the Camden County NAACP, I have determined that the case be re-opened for investigation in to the merits of the charge and the Dismissal and Notice of Rights be rescinded effective immediately." (<u>Id.</u>) On November 30, 2015, the EEOC issued him a second right-to-sue notice upon his request. (Ex. E to Def. Br.)

Mr. Fritz filed a charge of discrimination with the EEOC on March 11, 2014. (Ex. F to Def. Br.)  On September 22, 2014, the

EEOC issued a "Dismissal and Notice of Rights" where it indicated that it was closing Mr. Fritz's charge because it was "unable to conclude that the information obtained establishes a violation of the [ADEA]." (Ex. G to Def. Br.)  On January 29, 2015, the EEOC issued a "notice of intent to reconsider and rescinding of dismissal" of Mr. Fritz's charge. (Ex. A to Opp'n.)  Director Lewis wrote that "I hereby rescind the finding of 'no cause' determination issued by this office on September 22, 2014" because a "review of our records shows this case remains open and under investigation." (Id.)  He further wrote that "[t]he dismissal letters were issued in error and the Dismissal and Notice of Rights is rescinded effective immediately." (Id.)  The EEOC issued Mr. Fritz a second right-to-sue notice on November 30, 2015. (Ex. H to Def. Br.)

Mr. Babnew filed an intake questionnaire with the EEOC on August 18, 2014. (Ex. B. to Opp'n.)  This questionnaire was received by the EEOC on August 21, 2014. (Exs. C,D to Opp'n.)  Mr. Babnew then filed a formal charge of discrimination with the EEOC on December 29, 2014. (Ex. I to Def. Br.)

Plaintiffs filed their Complaint in this Court on February 26, 2016. [Docket Item 1.]  Count I of Plaintiffs' Complaint alleges violations of the ADEA regarding all three Plaintiffs, and Count II alleges racial discrimination in violation of Title VII regarding only Mr. McEady.  Defendant filed its motion to

dismiss [Docket Item 7], Plaintiffs filed opposition and
Defendant has filed its reply, all of which are considered
without oral argument pursuant to Rule 78, Fed. R. Civ. P.

## III. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P.,
may be granted only if, accepting all well-pleaded allegations
in the complaint as true and viewing them in the light most
favorable to the plaintiff, a court concludes that the plaintiff
failed to set forth fair notice of what the claim is and the
grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 555 (2007).  A complaint will survive a motion to
dismiss if it contains sufficient factual matter to "state a
claim to relief that is plausible on its face." Ashcroft v.
Iqbal, 556 U.S. 662, 663 (2009).  However, a court may, upon a
Rule 12(b)(6) motion, dismiss a claim on statute of limitations
ground if the untimeliness of the claim is apparent on the face
of the complaint. Oshiver v. Levin, Fishbein, Sedran, & Berman,
38 F.3d 1380, 1384 n. 1 (3d Cir. 1994); R.K. v. Y.A.L.E. Sch.,
Inc., 621 F. Supp. 2d 188, 202 (D.N.J. 2008); see also Crump v.
Passaic Cty., 147 F. Supp. 3d 249, 261 (D.N.J. 2015)(explaining
that "on a motion to dismiss the court considers only whether
the affirmative defense of a statute of limitations clearly
appears on the face of the pleading") (citations and internal
quotations omitted).

## IV.  DISCUSSION

### A. McEady Title VII and ADEA Claims

Defendant first argues that Mr. McEady's ADEA and Title VII claims are time-barred due to his failure to file suit within ninety days of receipt of notice from the EEOC of its first no cause determination and right-to-sue. (Def. Br. at 1.) Specifically, Defendant alleges that while the EEOC issued its notice to Mr. McEady on September 23, 2014, Mr. McEady did not file the instant lawsuit until February 26, 2016 – 518 days after the receipt of the notice. (Id. at 1-2.)  Mr. McEady argues in response that discovery would show that the statute of limitations should be equitably tolled because he "relied on information from the EEOC that reconsideration would be granted" (Opp'n at 9) and that he was "prevented from asserting [his] rights in reliance on the EEOC." (Id. at 10.)[2]

As a prerequisite to filing suit in federal court under Title VII, a plaintiff must first file a charge of discrimination with the EEOC and must receive from the EEOC a

---

[2] Specifically, Plaintiff states that discovery will show that (1) Mr. McEady "timely sought reconsideration together in October of Mr. Darnell Hardwick from the Camden County NAACP," (2) "in early December 2014, before the expiration of the 90-day right to sue periods of Mr. McEady, Mr. Hardwick learned from Ms. Novella West of the EEOC that she planned to reconsider and rescind the dismissals," (3) that "Mr. Hardwick communicated this fact to Mr. McEady, upon which [he] relied." (Opp'n at 3-4.)  Mr. Fritz also states that discovery will uncover these three facts. See Part IV.B.

notice of right to sue. 42 U.S.C. § 2000e-5.[3]  A plaintiff then has ninety days from the receipt of the notice of right to sue to bring suit. 42 U.S.C. § 2000e-5(f)(1); see also 29 U.S.C. § 626(e) (noting that in the event that the EEOC issues a right-to-sue letter, an ADEA claimant must file its federal suit within ninety days after receipt of the letter).  This time limit is akin to a statute of limitations and is therefore subject to equitable tolling, which would stop the statute of limitations from running where the claim's accrual date has already passed. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  The Third Circuit instructs that three situations are appropriate for equitable tolling: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Oshiver, 38 F.3d 1380

---

[3] The ADEA actually does not require that the EEOC issue a right-to-sue letter before a complainant can commence a federal suit. Plaintiffs could have filed a lawsuit under the ADEA after the passage of sixty days from the filing of their EEOC charges of discrimination. 29 U.S.C. § 626(d); see also Seredinski v. Clifton Precision Prods. Co., 776 F.2d 56, 62-63 (3d Cir. 1985) (observing that the sixty-day period is required to allow the "EEOC to attempt to eliminate any alleged unlawful practice by informal methods of conciliation, conference and persuasion") (citation omitted).

at 1387 (citations omitted).  Courts have exercised restraint in applying equitable tolling, preferring to "exercise caution in using the doctrine" and "emphasizing the importance of adhering to the EEOC's ninety-day filing period." Seitzinger v. Reading Hosp. and Medical Center, 165 F.3d 236, 240 (3d Cir. 1999) (citation omitted); see also Cunningham v. M&T Bank Corp., 814 F.3d 156, 161 (3d Cir. 2016) (explaining that equitable tolling "an extraordinary remedy which should be extended only sparingly")(citations omitted).  Additionally, in applying the equitable tolling rule, the Third Circuit "has cautioned that 'procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants'" Seitzinger, 165 F.3d at 240 (quoting Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147 (1984)). However, "equitable tolling is proper . . . when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' " Petroleos Mexicanos Refinacion v. M/T KING A, 554 F.3d 99, 110 (3d Cir. 2009) (citing Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)).

Mr. McEady focuses his arguments on the second ground for equitable tolling, that his reliance on an EEOC employee regarding reconsideration prevented him in an extraordinary way from asserting his rights.  However, as Defendant properly

9

notes, "[m]erely requesting reconsideration of an EEOC determination does not toll the ninety day statute of limitations controlling the filing of a civil action." McCray v. Corry Mfg. Co., 61 F.3d 224, 229 (3d Cir. 1995). The Court in McCray reasoned that a ruling otherwise "would permit claimants to manipulate the ninety day filing period merely by requesting reconsideration to extend the limitations period." Id. at 228. Here, Defendant argues that "equitable tolling should not be applied based on the EEOC's statements made during the pendency of a claimant's reconsideration request that are anything short of an official action." (Reply Br. at 4.) Further, it argues that "an EEOC employee informing a claimant's representative that the EEOC planned to rescind a dismissal and right-to-sue notice [does not] equate to the EEOC preventing the claimant from filing a lawsuit." (Id. at 5.)

The matter is not ripe for a final determination of equitable tolling upon the present record because the Court, in a Rule 12(b)(6) motion addressing timeliness, does not look to matters outside the pleadings, other than undisputed documents referred to in the pleadings and matters of public record. See Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (explaining that once a plaintiff pleads facts beyond the face of the pleadings, the issue of equitable tolling should be treated in a manner consistent with Rule 56 for summary

judgment).  Here, Mr. McEady has proffered grounds which, if
pleaded and proved, would establish equitable tolling due to the
EEOC's reconsideration and nullification of the first right to
sue letter.  Namely, it would be unfair if an individual who
timely sought the EEOC's reconsideration, and who was advised by
the EEOC that the investigation may be reopened, and who
actually succeeded in persuading the EEOC to rescind its earlier
right to sue letters, would be penalized by the EEOC's error in
issuing the first right to sue letter.  If the purpose of an
EEOC investigation is to seek to resolve complaints of
employment discrimination without the necessity of filing a
complaint in court, that purpose would be frustrated if a
claimant were forced to bypass the EEOC's determinations to
reopen an investigation and to nullify the earlier no-cause
finding and right to sue letter.

The Court agrees that the facts as currently pled do not
indicate that Mr. McEady was prevented from asserting his rights
in any extraordinary way.  Though he has set forth grounds in
his brief, he has not plead why he did not file suit within the
ninety days between the no-cause letter on September 23, 2014
and December 28, 2014.[4]  In the EEOC's September 23, 2014

---

[4] The EEOC did not issue its reconsideration determination for
Mr. McEady until January 29, 2015, which is 126 days after he
received his initial right to sue. (Ex. D. to Def. Br.)

11

"Dismissal and Notice of Rights" to Mr. McEady, the agency states very clearly that

> You may file a lawsuit against the respondent[s} under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 days</u> from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost.

(Exs. C, G to Def. Br.)  This should have put Mr. McEady and counsel on notice about when to file a suit in federal court, and the present complaint does not explain what happened in the 90-day period to excuse the late filing of this lawsuit.

In addition, "[r]unning throughout the equitable estoppel cases is the obligation of the plaintiff to exercise due diligence to preserve his or her claim." Robinson, 107 F.3d at 1023; see also Satterfield v. Johnson, 434 F.3d 185, 188 (3d Cir. 2006)("A petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in [the] way.'"); Podobnik v. U.S. Postal Serv., 409 F.3d 584, 593 (3d Cir. 2005) (explaining that "[a]ppellant was under a continuing duty to diligently pursue any claim of age discrimination" despite any interaction with the EEOC office).  The circumstances in the instant matter are similar to the Robinson case, where the Third Circuit held that Petitioner's one phone conversation with an EEOC employee within the requisite time period did not meet the standard for equitable tolling even though the employee provided

12

the plaintiff with erroneous information during that call.
Robinson, 107 F.3d at 1023; see also Chandler v. Media, No. 15-1973, 2016 WL 4432680 (D.N.J. Aug. 17, 2016)(declining to toll Plaintiff's ADA claim because she placed three phone calls to the EEOC that were not returned, as she was not "prevented in an extraordinary way from asserting her rights").  If the Court were to grant Plaintiff's request to toll the ninety-day limitation in the absence of sufficient facts alleged in the Complaint, "equitable tolling would be converted from a remedy available only sparingly and in extraordinary situations into one that can be readily invoked by those who have missed carefully drawn deadlines." Robinson, 107 F.3d at 1023.  On the other hand, in the present case the EEOC rescinded the initial determination on which Defendant seeks to reply, if the unpleaded facts proferred in Plaintiff's brief are correct.

Finally, to support his argument for equitable tolling, Mr. McEady relies on Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) for the proposition that "[i]f more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." (Opp'n at 8.)  But the Court in that case emphasized that at the Rule 12(b)(6) motion stage, availing a party to discovery if more facts are needed "is particularly acute for civil rights plaintiffs, who often face informational

<u>disadvantages</u> . . . owing to their incarceration and
institutionalization." <u>Alston</u>, 363 F.3d at 233 n.6 (emphasis
added).  Mr. McEady's brief offers a host of reasons justifying
equitable tolling that he says discovery will bring to light,
but he fails to adequately plead any of them.[5]  Therefore, Mr.
McEady's Complaint, on its face, does not adequately allege
extraordinary circumstances that would allow for equitable
tolling.  It may be possible to replead and satisfy these
deficiencies in an amended complaint that would survive a Rule
12(b)(6) motion.  As a result, the Court grants Defendant's
motion to dismiss Mr. McEady's Title VII and ADEA claims without
prejudice.

    As it is not clear to the Court that amendment of the
complaint would be necessarily be futile, <u>see</u> <u>Grayson v. Mayview</u>
<u>State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002), Mr. McEady may
move for leave to file an Amended Complaint under Rule 15, Fed.
R. Civ. P. to articulate specific facts supporting a basis for
the application of equitable tolling to the statute of
limitations on his respective Title VII and ADEA claims within

---

[5] Mr. McEady relies on the following language in his Complaint
for the purposes of this motion: "All conditions precedent to
the institution of this suit have been fulfilled. Plaintiffs
each filed timely Charges of Discrimination with the United
States Equal Opportunity Commission ("EEOC"). The EEOC issued
each Plaintiff a Notice of Right to Sue on November 30, 2015.
This action has been filed within 90 days of Plaintiffs' receipt
of said Notices." (Compl. at ¶ 4.)

21 days of the date of this Order, correcting the deficiencies
noted above if he can do so.  It is Plaintiff's burden to
provide clear and sufficient facts for the Court to determine if
equitable tolling is warranted. <u>Estacio v. Postmaster Gen. of
the U.S.</u>, 344 F. App'x 810, 813 (3d Cir. 2009).

**B. Fritz ADEA Claim**

Defendant also argues that Mr. Fritz's ADEA claim is time-
barred due to his failure to file suit within ninety days of
receipt of notice from EEOC of its no cause determination and
right-to-sue. (Def. Br. at 1.)  Defendant alleges that while the
EEOC issued its notice to Mr. Fritz on September 22, 2014, Mr.
Fritz did not file the instant lawsuit until February 26, 2016 –
519 days after the receipt of the notice. (<u>Id.</u> at 2.)  Mr. Fritz
states that discovery will show that in addition to the
representations made by the EEOC and the reliance discussed in
note 2, Mr. Hardwick also learned from Ms. West that in reality,
Mr. Fritz's charge had never been closed." (Opp'n at 3-4.)  Mr.
Fritz argues that since his dismissal letters were issued in
error, "it would not be fair to penalize Mr. Fritz for not using
the Right to Sue which the agency issued in error on an open
investigation." (Opp'n at 10; Ex. A.)

The Court agrees. "The EEOC's failure to abide by its
procedures is sufficient reason to equitably toll the ninety day
period; particularly, where . . . plaintiff continued to assert

his rights before the EEOC." Puscar v. Hale Products, Inc., No. 96-8442, 1997 WL 570914, at *2 (E.D. Pa. Sept. 5, 1997); see also Davis v. Metropolis County Club, 145 F. Supp. 2d 321, 324 (S.D.N.Y. 2001) ("The initial determination letter from the EEOC thus appears to have been sent in error, while an investigation was incomplete, and should either be treated as a nullity or the limitations period should be tolled.")  Unlike Mr. McEady's Notice of Intent to Reconsider and Rescinding of Dismissal, Mr. Fritz's Notice specifically mentions that his September 22, 2014 "no cause" determination "was issued in error and the Dismissal and Notice of Rights is rescinded effective immediately [on January 29, 2015]." (Ex. A to Opp'n)(emphasis added).  Defendant argues that since the ADEA does not require a right-to-sue notice to file a lawsuit, see 29 U.S.C. § 626(d), and since the ADEA regulations permit the EEOC to continue to investigate an ADEA charge even after dismissing it, see 29 C.F.R. § 1626.17(a)(3), Plaintiff's fairness arguments have no merit. (Reply Br. at 4).  The Court disagrees, as the EEOC did prepare a right-to-sue notice to Mr. Fritz under 20 U.S.C. § 626(e), and then plainly stated that it was issued in error.  It would not appear be equitable for the Court to dismiss Mr. Fritz's suit on timeliness grounds when the EEOC itself has determined that the act allegedly triggering the ninety-day period should not have occurred at all.

However, given the "obligation of the plaintiff to exercise due diligence to preserve his or her claim," see Robinson, 107 F.3d at 1023, the Court will grant Defendant's motion to dismiss Mr. Fritz's ADEA claim without prejudice.  Despite the EEOC admitting that it issued Mr. Fritz's notice in error, and the obvious prejudice resulting therefrom, Mr. Fritz, like Mr. McEady, has not explained in his Complaint or elsewhere why he could not still have filed a timely Complaint within ninety days of his September 22, 2014 Notice of Rights. See New Castle Cty. v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) (stating that to invoke equitable tolling, a party must show that it exercised reasonable diligence in investigating and bringing its claims); see also Brown v. Mead Corp., 646 F.2d 1163, 1165 (6th Cir. 1981) (holding that the plaintiff should have filed suit after the first right-to-sue letter, even though it was issued in error, and that equitable tolling did not apply); Davidson v. Serv. Corp. Intern., 943 F. Supp. 734, 740 (S.D. Tex. 1996)("This apparent oversight by the EEOC, however, could not possibly have prevented [Plaintiff] from timely filing suit after the issuance" of Plaintiff's right to sue notice."). While Mr. Fritz eventually learned in January 2015 that his right-to-sue notice was in error, he has failed to adequately plead facts indicating that he was reasonably diligent in preserving his claim up to that point.  As Defendant correctly

17

notes, the EEOC did not issue notice of reconsideration within ninety days of Mr. Fritz's receipt of the initial right-to-sue notice, as Mr. Fritz received the notice on September 22, 2014, and did not receive the notice of reconsideration until January 29, 2015, 130 days later. (Def. Br. at 10.)  Without further facts pled regarding Mr. Fritz's diligence, the Court cannot equitably toll his ADEA claim. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)(citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984))("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights").  If Mr. Fritz wishes to file an Amended Complaint, he must provide clear and sufficient facts regarding his diligence to preserve his claim for the Court to determine if equitable tolling is warranted.  Any such motion to amend shall be filed within 21 days.

### C. Babnew ADEA Claim

With regard to Mr. Babnew's ADEA claim, Defendant argues that it is time-barred and must be dismissed due to his failure to file a charge of discrimination with the EEOC within 300 days of notice that his application for employment to the CCPD had been rejected. (Id.)  Specifically, Defendant alleges that Mr. Babnew received a notice of rejection on November 25, 2013, but he did not file his charge of discrimination with the EEOC until

December 29, 2014 – 399 days following the date of rejection of his application. (Id.).  Mr. Babnew argues in response that his claims are not time-barred because he submitted a completed, signed Intake Questionnaire to the EEOC on August 18, 2014, which is within 300 days of the alleged adverse employment action. (Opp'n at 6-7; Ex. B.)  Mr. Babnew argues that in submitting the Intake Questionnaire, he "effectively filed a charge of discrimination within the allotted time period, or tolled the limitation period for filing a formal charge." (Opp'n at 8.)

The last page of Mr. Babnew's Intake Questionnaire gives the person filling it out a choice of checking two boxes. (Ex. B. at 5.) Box 1 states:

> I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. **I also understand that I could lose my rights if I do not file a charge in time.**

Id.  Box 2 states:

> **I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above.** I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

Id. (emphasis added)  Mr. Babnew checked Box 2. Id.

19

The Court agrees with Mr. Babnew that his Intake Questionnaire should be considered a charge of discrimination and it was therefore timely filed. In Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008), the Supreme Court addressed whether an intake document filed with the EEOC constituted a "charge" for timeliness purposes. The Court held that "if a filing is deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Id. at 402. It therefore adopted a "permissive" interpretation of the charge requirement, explaining that a "wide range of documents," including an intake questionnaire, "may be classified as charges." Id.

Hildebrand v. Allegheny County, 757 F.3d 99, 112-113 (3d Cir. 2014) is directly on point. In that case, Plaintiff, alleging age discrimination against his former employer after he was terminated from job as a detective at the local District Attorney's Office, checked Box 2 on his EEOC Intake Questionnaire on December 1, 2011. Id. at 102. He completed his "Charge of Discrimination" with the EEOC on January 11, 2012, received his right-to-sue letter on May 7, 2012, and filed suit in federal court on August 7, 2012. Id. Defendant moved to dismiss Plaintiff's Amended Complaint as untimely based on the January 11, 2012 charge instead of December 11, 2001 Intake

20

Questionnaire. Id. at 112.  The District Court dismissed Plaintiff's ADEA claims with prejudice, as it did not consider the Intake Questionnaire and found that Plaintiff's January 11, 2012 charge was therefore timely. Id.  On appeal, the Third Circuit vacated the District Court's dismissal of Plaintiff's ADEA claim because "an employee who completes the Intake Questionnaire and checks Box 2 unquestionably files a charge of discrimination." Id. at 113.  Because Plaintiff's questionnaire was dated within 300 days of the February 18, 2011 letter of suspension and notice of termination, the Court held that his charge was timely filed. Id.

Here, like the Plaintiff in Hildebrand, Mr. Babnew checked Box 2 on his Intake Questionnaire. (Ex. B to Opp'n.)  Because the questionnaire was received by the EEOC on August 21, 2014, 269 days after the County informed Mr. Babnew that his application had been rejected, his Complaint was timely filed and Defendant's motion to dismiss Mr. Babnew's ADEA claim on timeliness grounds is denied.

## V.   CONCLUSION

For the reasons expressed above, Defendant's motion to dismiss Count I (ADEA claims) of Plaintiffs' Complaint will be granted without prejudice with respect to Mr. McEady and Mr. Fritz, and denied with respect to Mr. Babnew.  Defendant's

motion to dismiss Count II (Title VII claim) of Plaintiffs'

Complaint will be granted without prejudice.


**January 20, 2017**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge